# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTOINETTE W. BURKS,
        Appellant,

        v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
DA-0353-15-0071-I-1

DATE: March 18, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marcus J. Watson, Esquire, Dallas, Texas, for the appellant.

Bobbi Mihal, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2   The appellant is a Sales Associate/Distribution Clerk, PS-06, at the McKinney Post Office in McKinney, Texas. Initial Appeal File (IAF), Tab 7 at 65. On August 19, 2010, the Office of Workers' Compensation (OWCP) accepted her claim regarding a contusion of her right knee and a fracture of the metatarsal bone in her right foot. *Id.* at 76.

¶3   In August 2014, the appellant presented medical documentation dated August 22, 2014, to the Postmaster. The medical letter stated that she was to avoid repetitive work with her arms and lifting of more than 15 pounds because she was experiencing pain in her neck and shoulders owing to neck strain and degenerative arthritis with spurring. IAF, Tab 1 at 16-18. The appellant alleged that the August 22, 2014 letter was the second medical letter she submitted within a month's time. *Id.* at 7. She alleged that the Postmaster subsequently determined that the agency had no work to assign within her current medical restrictions and asked her to leave the facility on September 2, 2014. *Id.* at 7-8.

¶4   The agency's District Reasonable Accommodation Committee (DRAC) requested medical information from the appellant on September 17,

2014. *Id.* at 19. The appellant saw her physician on September 25, 2014, for difficulty in lifting her right arm. *Id.* at 21-23. Her physician recommended that the agency excuse her from work until she could complete 20 hours in a "work hardening program." *Id.* at 23.

¶5 On September 30, 2014, the appellant filed a Notice of Occupational Disease and Claim for Compensation, Form CA-2 (Form CA-2), with the OWCP. IAF, Tab 7 at 62-64. In her claim, she stated that she had sustained on-the-job injuries to her right and left shoulders, right arm, neck, lumbar and cervical back, left knee, and right hip; and that she had aggravated the condition of her right knee. *Id.* She stated that she became aware of these injuries on May 9, 2014. *Id.*

¶6 The appellant's physician released her to return to duty pursuant to medical restrictions effective October 13, 2014. IAF, Tab 1 at 24-26. In the Duty Status Report, he stated that she suffered from right shoulder impingement syndrome and osteoarthritis. *Id.* at 25. The appellant submitted an updated Duty Status Report in November 2014, which states that she had a tear in her right shoulder rotator cuff and arthritis in her right hip and in both knees. *Id.* at 39. Notably, neither of these submissions nor any other submission from the appellant during 2014 addressed the conditions covered in her 2010 OWCP claim, namely the fracture of the right foot or the contusion of the right knee.[2]

¶7 The appellant requested a reasonable accommodation for the shoulder condition reported in the October and November 2014 Duty Status Reports. Her physician outlined the following work restrictions:

1. Sedentary duty of 5 hours each day;
2. Lifting restricted to 5 pounds;
3. Work in either a sitting or standing position, at her own discretion, as her physical tolerance allows; and

---

[2] However, the August 22, 2014 letter from the appellant's physician mentions osteoarthritis in her feet and knees. IAF, Tab 1 at 17.

> 4. No use of her right arm, in order to prevent further exacerbation of her right shoulder pain.

IAF, Tab 1 at 26.  On November 20, 2014, the agency offered the appellant a temporary light duty job; however, she declined the job offer because the duties fell outside of her medical restrictions.  IAF, Tab 7 at 57-59.

¶8    This appeal was filed on November 11, 2014, while the appellant's reasonable accommodation request was under consideration.  IAF, Tab 1.  She alleged that the agency failed to restore her to duty as a partially recovered employee following her absence for a compensable injury.  *Id.*  On January 8, 2015, while this appeal was before the administrative judge, the OWCP accepted a new complaint from the appellant based on the following diagnosed conditions: neck sprain, brachial neuritis or radiculitis in right shoulder; partial tear of right rotator cuff; back sprain in the lumbar region, right thoracic or lumbosacral neuritis; bilateral lower leg osteoarthritis; and right carpal tunnel syndrome.  IAF, Tab 19 at 6-7.

¶9    Based on the parties' submissions, the administrative judge found that the appellant failed to make a nonfrivolous allegation of jurisdiction, and she dismissed the appeal for lack of Board jurisdiction.  IAF, Tab 31, Initial Decision (ID).  The administrative judge found that the appellant did not have a compensable injury as of the time she filed her appeal.  Only her 2010 OWCP claim had been accepted, and the conditions asserted in that claim differed from the conditions she asserted in the 2014 claim, which had not yet been accepted.  ID at 5.  Accordingly, the administrative judge found that she failed to nonfrivolously allege that she was absent from her position due to a compensable injury.  *Id.*; *see Sanchez v. U.S. Postal Service*, 114 M.S.P.R. 345, ¶ 10 (2010); 5 C.F.R. § 353.304(c).

## ANALYSIS

¶10    A partially recovered employee may appeal to the Board for a determination of whether the agency is acting arbitrarily and capriciously in denying

restoration.  5 C.F.R. § 353.304(c).  To establish jurisdiction over such an appeal, an appellant must prove by preponderant evidence that:  (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the agency's denial was arbitrary and capricious.[3]  *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012); ID at 2-3.  If the appellant makes nonfrivolous allegations of jurisdiction as to all four elements of the jurisdictional standard, then she is entitled to a jurisdictional hearing.  *Bledsoe*, 659 F.3d at 1102.

¶11        On review, the appellant asserts that the administrative judge interpreted the scope of her 2010 OWCP claim too narrowly.  Petition for Review (PFR) File, Tab 1 at 5.  The appellant argues that the administrative judge should have considered her knee problems reported in 2014 as part of the compensable injury accepted by the OWCP in 2010 because the 2010 injury led to those problems.  *Id.*  She explains that her Form CA-2 for the 2014 OWCP claim states that her work in the post office box section aggravated the existing damage to her right knee and shoulder, as well as caused new injuries.  PFR File, Tab 1 at 8.  She additionally explains that she kept agency officials informed about the condition of her right knee during 2014 and received treatment for that condition on the following dates:  August 22, 2014; September 25, 2014; and October 8, 2014.  *Id.* at 4-5.  She notes that one of her providers, Dr. R.C., recommended "bilateral knee replacements" and characterized the condition of both of her knees as a major health issue.  *Id.* at 5; IAF, Tab 1 at 17, 22-23.

---

[3] Effective March 30, 2015, the Board amended its regulations concerning the burden of proof for establishing jurisdiction over restoration appeals filed under 5 C.F.R. § 353.304.  5 C.F.R. § 1201.57(a)(4) (2015).  The amended regulations do not apply to the instant appeal, however, because they apply only to appeals filed on or after March 30, 2015.  80 Fed. Reg. 4489, 4489 (Jan. 28, 2015).

¶12     The administrative judge, however, decided the appeal correctly. The 2010 OWCP claim involved *only* the appellant's broken right foot and contusion of the right knee. IAF, Tab 7 at 76. Nothing in the record suggests that the appellant was absent in 2014 for the specific compensable injuries she suffered in 2010. Although the appellant now suffers from osteoarthritis in her lower extremities to which the 2010 injury may have contributed, this condition is bilateral, and she also suffers from compensable conditions involving her neck, arms, shoulders, and back, which were not part of the 2010 OWCP claim. IAF, Tab 1 at 17, 23, Tab 19 at 6. Although the OWCP accepted the appellant's claim for injuries incurred in May 2014, and the appellant made the new claim part of the record, IAF, Tab 19 at 6-7, the 2014 claim did not yet exist for purposes of Board jurisdiction. The appellant filed this appeal on November 11, 2014, IAF, Tab 1 at 1, whereas the OWCP accepted the claim on January 8, 2015, IAF, Tab 19 at 6. The Board's jurisdiction is determined by the nature of the agency's action at the time an appeal is filed. *Sapp v. U.S. Postal Service*, 82 M.S.P.R. 411, ¶ 14 (1999). Therefore, we agree with the administrative judge's finding that the appellant failed to raise a nonfrivolous allegation that she was absent from her position due to a compensable injury and consequently was not entitled to a jurisdictional hearing.

¶13     However, because the 2014 OWCP claim has been accepted, the Board may consider a new appeal based on that claim. In her petition for review, the appellant raised several allegations regarding the agency's handling of her medical documentation and reasonable accommodation request during 2014, PFR File, Tab 1 at 6-12, and she maintains that the agency has arbitrarily and capriciously denied her restoration as a partially recovered employee, *id.* at 16-19; 5 C.F.R. § 353.304(c). Accordingly, we forward the appellant's 2014 OWCP claim to the regional office for docketing as a new appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.